UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LINDA GATSON,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

    Defendant.

Case No. 14-cv-04161-JST

**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED**

    This action was filed on September 15, 2014. Plaintiff's complaint alleges California state law claims for breach of contract, breach of the covenant of good faith and fair dealing, and violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et. seq., all of which are claims under California state law. ECF No. 1. Plaintiff disagrees with Ocwen's calculation of her monthly mortgage indebtedness. None of Plaintiff's claims arise under federal law.

    As the basis for this Court's jurisdiction, Plaintiff alleges that she is a citizen of California, and that Defendant Ocwen Loan Servicing, LLC ("Ocwen") is a citizen of Georgia. Id. ¶¶ 2, 3. She makes no allegations about the total amount of money at issue in the case. The allegations she does make, however, suggest that the basis of the dispute is a few thousand dollars. See id. at ¶¶ 13, 14.

    "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). This Court has subject matter jurisdiction over a case only if the complaint alleges a federal cause of action or the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all

1 civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C.
2 § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter
3 in controversy exceeds the sum or value of $75,000 . . . and is between – (1) citizens of different
4 States[.]").  The burden of establishing federal subject matter jurisdiction rests on the party
5 seeking to invoke it.

6 To allege diversity jurisdiction properly, Plaintiff must allege that the amount in controversy exceeds $75,000, exclusive of interest and costs, and that she is a citizen of a different state than Defendant Ocwen.  28 U.S.C. § 1332(a).  Her complaint fails in this task.  While it alleges that the parties are citizens of different states, it does not allege damages in excess of $75,000.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed for want of federal jurisdiction.  A written response is due to this order by January 22, 2015, at which time the Court will take the matter under submission.  All other future dates in this matter are vacated and the case is stayed pending further order of the Court.

**IT IS SO ORDERED.**

Dated:  January 8, 2015

_____
JON S. TIGAR
United States District Judge