UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| LINDA GATSON,<br><br>Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>Defendant. | Case No. 14-cv-04161-JST<br><br>**ORDER ON RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Re: ECF No. 17 |
|---|---|

On January 8, 2015, the Court ordered Plaintiff to show cause "why this action should not be dismissed for want of federal jurisdiction" by January 22, 2015. ECF No. 16. The Court noted that the Complaint appeared to seek only "a few thousand dollars" resulting from Defendant's alleged breach of contract and therefore may not satisfy the $75,000 amount in controversy requirement of 28 U.S.C. § 1332(a). Id. The Court vacated all future dates in the matter pending further order by the Court. Id.

Plaintiff filed a response to the order to show cause on January 22, 2015. ECF No. 17. Plaintiff acknowledges that Defendant is only alleged to have "taken $16,527.34 in monies from Plaintiff in breach of contract." Id. at 2. But Plaintiff's response also states that Plaintiff seeks in excess of $100,000 for "damages resulting from the impact on Plaintiff's credit as a result of Defendant holding Plaintiff in default, and reporting such default to credit reporting agencies, in breach of the contract." Id. (citing Complaint, ECF No. 1 at ¶¶ 22, 28). Plaintiff contends that such damages are recoverable under California law, under which the measure of damages is "the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." Cal. Civ. Code § 3300. Plaintiff further alleges that attorneys' fees are recoverable under the terms of the contract. ECF No. 17 at 3.

"The rule governing dismissal for want of jurisdiction in cases brought in federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Pachinger v. MGM Grand Hotel-Las Vegas, Inc., 802 F.2d 362, 363-64 (9th Cir. 1986) (quoting St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288–89 (1938)).  Given Plaintiff's response, it does not appear to a legal certainty that the claim is for less than $75,000.  Therefore, the Court concludes that Plaintiff has demonstrated that § 1332(a)'s amount in controversy requirement is met.

The Court now sets a case management conference for February 11, 2015 at 2:00 P.M.  The parties do not need to submit a new joint case management statement, unless they wish to amend the statement filed at ECF No. 9, in which case their amended statement must be filed by February 4, 2015.

**IT IS SO ORDERED.**

Dated:  January 27, 2015

JON S. TIGAR
United States District Judge